United States District Court
Southern District of Texas
**ENTERED**
January 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RORY LEMON ELSE, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:22-CV-00001 |
| | § |
| TEXAS BOARD OF PARDONS AND PAROLES, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND RECOMMENDATION

Petitioner Rory Lemon Else is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On January 3, 2022, Else filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241,[1] claiming that he is not in custody pursuant to a state judgment and that the TDCJ is violating his due process rights by keeping him in custody. (D.E. 1). Else contends that he is entitled to release on mandatory supervision. For the reasons discussed further below, it is recommended that Else's petition be construed as a 28 U.S.C. § 2254 petition and be

---

[1] As an initial matter, Else's petition should be construed as one under 28 U.S.C. § 2254 because he is a state prisoner who, despite his creative framing of the issue, is ultimately challenging the length of his sentence. While Else frames his claim as arguing that he is not in custody pursuant to a state judgment, his argument instead attacks the Texas mandatory supervision statute and how it applies to his ongoing 45-year sentence. (*See* D.E. 1 at 2-6). Further, although the Fifth Circuit has not addressed the issue, several circuits have concluded that any § 2241 petition filed by a state prisoner is necessarily also subject to § 2254. *See, e.g, Thomas v. Crosby*, 371 F.3d 782, 785-86 (11th Cir. 2004); *Allen v. White*, 185 F. App'x 487, 489-90 (6th Cir. 2006).

dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[2] because it is plain from the petition and attached memorandum that Else is not entitled to relief.

## I. DISCUSSION

In his petition and attached memorandum of law, Else contends that, liberally construed, he is entitled to release under the Texas mandatory supervision program and, therefore, he is not being held pursuant to a state judgment. (D.E. 1 at 2-6). He states that he was convicted of murder in 1998 and sentenced to 45 years' imprisonment. (*Id.* at 2).[3] He contends that his release on mandatory supervision is mandatory, regardless of any exceptions in the statute. (*Id.* at 2-5). Else argues that his combined flat-time and good-conduct-time equals 45 years, which means that he should have already been released to mandatory supervision. (*Id.* at 5-6).

Else's argument is founded on an incorrect understanding of Texas mandatory supervision law. First, as to general parole, states have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d

---

[2] Regardless of whether Else's petition is construed as a § 2254 petition, the Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

[3] This is confirmed by TDCJ's online offender records, which can be found by searching for an offender's name. *See* https://offender.tdcj.texas.gov/OffenderSearch.

765, 768 (5th Cir. 1997). Thus, the Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). This is important background because Else has no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, so he must rely on his eligibility for mandatory supervision in order to raise this type of claim in a federal habeas petition.

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing Tex. Code Crim. P. art. 42.18 § 2(2)).[4] Prisoners earn good time credits that are added to their actual days served in prison to calculate their release date. Tex. Gov't Code § 508.147. The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time. *Malchi*, 211 F.3d at 957-958.[5] However, prisoners who commit certain offenses are excluded from eligibility for mandatory supervision. *See* Tex. Gov't Code § 508.149(a) (listing offenses that render an inmate

---

[4] Currently located at Tex. Gov't Code § 508.001(5).

[5] The Fifth Circuit's holding applied to a previous version of the Texas mandatory supervision program, which has since been amended. *See Malchi*, 211 F.3d at 958. The Fifth Circuit has concluded that prisoners have a protected liberty interest under the amended version as well. *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007).

ineligible for release to mandatory supervision). Murder, in violation of Tex. Penal Code § 19.02, is an excluded offense. *Id.* § 508.149(a)(2).

Because Else was convicted of murder, he is ineligible for mandatory supervision. *See id.* In his petition, Else focuses on the statutory language stating that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Tex. Gov't Code § 508.147(a). However, Else ignores that this is preceded by a clause creating an exception for any inmate designated ineligible by § 508.149, which includes Else due to his murder conviction. Tex. Gov't Code §§ 508.147(a), 508.149(a)(2). Because Else is not entitled to mandatory supervision under Texas law, he does not have a liberty interest in being released and does not have a federal constitutional claim cognizable under § 2241. *See* 28 U.S.C. § 2241(c)(3).

## II. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Else has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general

4

assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

Here, because reasonable jurists would not find it debatable that Else failed to state a claim for a violation of a constitutional right, it is recommended that a COA be denied.

### III.  RECOMMENDATION

Accordingly, it is recommended that Else's petition be construed as a 28 U.S.C. § 2254 petition and DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases.  It is plain from the petition and attached memorandum that Else is not entitled to relief.  It is further recommended that a Certificate of Appealability be DENIED.

Respectfully submitted on January 26, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).