United States District Court
Southern District of Texas

**ENTERED**

February 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RORY LEMON ELSE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00001 |
| | § | |
| TEXAS BOARD OF PARDONS AND | § | |
| PAROLES, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

### I. Adopting D.E. 4 Memorandum & Recommendation

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 4). The M&R recommends that the Court construe Petitioner Rory Lemon Else's petition as a 28 U.S.C. § 2254 petition and dismiss the petition prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is plain from the petition and attached memorandum that Else is not entitled to relief. (D.E. 4).

The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No objection has been filed. When no timely objection has been filed, the district court need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, LP*, No. CIV. A. H-14-2700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.).

Having carefully reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court adopts the M&R in its entirety. (D.E. 4). Further, the Court dismisses Else's original petition. (D.E. 1).

## II. Motion for Leave to Amend (D.E. 5)

After the M&R was filed, Else filed a motion for leave to amend his habeas petition, which the Court now considers, notwithstanding its ruling above adopting the M&R. (D.E. 5). Else attached his proposed amended petition as an exhibit to his motion for leave. (D.E. 5-1). To be clear, Else did not need to file a motion for leave to amend, as he has the right to amend his pleading "as a matter of course" while his habeas petition is screened, and before the Court "order[s] the respondent to file an answer." *Mayle v. Felix*, 545 U.S. 644, 663 (2005) (citing Rule 4 of the Rules Governing Section 2254 Cases). With this understanding, the Court moots Else's D.E. 5 motion for leave to amend and now independently screens the amended petition found in D.E. 5-1.

The M&R, which the Court adopted with respect to the original petition, *supra* Part I, concluded that "[b]ecause Else is not entitled to mandatory supervision under Texas law, he does not have a liberty interest in being released and does not have a federal constitutional claim cognizable under § 2241." (D.E. 4, p. 4). The Court finds that this statement remains unchanged with respect to the amended petition. *See* (D.E. 5-1). Else's amended petition is premised on Else's argument that, under Texas Code of Criminal Procedure 42.18, which was in effect when Else committed the offense, a parole panel must vote on whether a prisoner should be denied release on mandatory supervision. *See* (D.E.

2 / 4

5, p. 4–8; D.E. 5-1). Else contends that because a parole panel never voted on whether he should be denied release on mandatory supervision, he is being held in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. *See* (D.E. 5, p. 4–8.

The Court finds that regardless of whether the parole panel has the power to vote on releasing a prisoner to mandatory supervision, Else is not entitled to mandatory supervision under Texas law; Else is incarcerated due to a murder conviction, which renders an inmate ineligible for release to mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a) (providing that certain offenses render an inmate ineligible for release to mandatory supervision); *see also id.* § 508.149(a)(2) (providing that murder is an excluded offense). Because Else is not entitled to mandatory supervision as a matter of law, he has no liberty interest in being released and cannot support a claim cognizable under 28 U.S.C. § 2241. As such, his amended habeas petition should be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is plain from the amended petition that Else is not entitled to relief. *See* (D.E. 5; D.E. 5-1).

### III. Conclusion

(1) The Court **ADOPTS** the D.E. 4 M&R in its entirety.

(2) After considering the amended habeas petition in D.E. 5-1, the Court **DISMISSES** the amended petition prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is plain from the amended petition that petitioner is not entitled to relief.

(3) A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c).

(4) A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
        February 24th, 2022